FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 24, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| SHANNON BRUCE MORLEY,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>NAPHCARE MEDICAL DEPARTMENT and DOCTOR SADU,<br><br>　　　　　　　Defendants. | NO: 2:25-CV-0254-TOR<br><br>ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE |

BEFORE THE COURT is Plaintiff's Response, ECF No. 9, to this Court's Order to Show Cause Why *In Forma Pauperis* Status Should Be Granted, ECF No. 8. Plaintiff, an individual incarcerated at Spokane County Detention Services, is proceeding *pro se*. Defendants have not been served.

The initial complaint was received on July 15, 2025. ECF No. 1. In that uncaptioned complaint, Plaintiff stated he advised the medical department at the Spokane County Jail that he had an inguinal hernia when he "turned [him]self in"

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE -- 1

on April 15, 2025, and signed a release of information form to have x-rays sent from Oregon. *Id.* at 4. Plaintiff complained, "as of July 10, 2025 Dr. Sadu has refused to examine the injury, she has only prescribed ibuprofen, a hernia belt but the pain is getting very bad and I need surgery now." *Id.* (as written in original).

Mr. Morley does not refute the Court's finding that he has three or more "strikes" under 28 U.S.C. § 1915(g). In his Response, Plaintiff asserts that he "could die from lack of attention to [his] injury." ECF No. 9. He claims that the once "reducible hernia" is now a "tear" in the abdominal area and "has grown to a point that the intestine does not stay in place, even with a hernia belt" and the "intestine gets strangulated in the opening of [his] groin and obstructs [his] intestinal flow, the intestine is blood leading to tissue death and gangrene." *Id.* Plaintiff states that he is "experiencing nausea, vomiting and cannot eat anything without throwing up." *Id.*

Plaintiff contends that a "strangulated hernia is an emergency situation and usually requires surgery. I am filing my civil complaint in order to get the surgery before I die." *Id.* (as written in original). In his initial complaint, Plaintiff had also speculated that his condition could lead to dangerous complications such as obstruction of the flow of intestinal contents or blood leading to tissue death and gangrene, which this Court determined was insufficient to show that he was under

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE -- 2

imminent danger of serious physical injury at the time he signed his complaint on July 10, 2025. ECF No. 1 at 9.

Plaintiff does not state that he has filed a grievance regarding his hernia or sought emergency medical assistance regarding changes in his symptoms. He is encouraged to do so.

Because Plaintiff was not under imminent danger of serious physical injury at the time he submitted his complaint, § 1915(g) prohibits Plaintiff from proceeding *in forma pauperis* in this action. Consequently, he has failed to overcome the preclusive effects of 28 U.S.C. § 1915(g). *See Andrews v. Cervantes*, 493 F.3d 1047, 1055-56 (9th Cir. 2007) (discussing imminent danger exception to three-strikes rule). Plaintiff did not pay the $405.00 filing fee to commence this action.

Even if the Court did consider Mr. Morley's evolving situation as proof that he was under imminent danger of serious physical injury at the time he signed his complaint, he faces a further problem. He could not plausibly have exhausted administrative remedies regarding incidents on July 10, 2025, before signing the complaint the same day. ECF No. 1 at 9.

A prisoner may not bring a lawsuit with respect to conditions of confinement under Section 1983 unless all available administrative remedies have been exhausted. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006); *Brown v. Valoff*, 422 F.3d 926, 934–35 (9th Cir. 2005). Exhaustion is required for all suits

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE -- 3

about prison life, *Porter v. Nussle*, 534 U.S. 516, 532 (2002), regardless of the type of relief offered through the administrative process, *Booth v. Churner*, 532 U.S. 731, 741 (2001).

Proper exhaustion requires using all steps of an administrative process and complying with "deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *see also Jones v. Bock*, 549 U.S. 199, 218 (2007) ("it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."). "If a prisoner had full opportunity and ability to file a grievance timely, but failed to do so, he has not properly exhausted his administrative remedies." *Marella v. Terhune*, 568 F.3d 1024, 1028 (9th Cir. 2009) (per curiam).

The U.S. Supreme Court determined that the "failure to exhaust is an affirmative defense under the PLRA, and . . . inmates are not required to specially plead or demonstrate exhaustion in their complaints." *Jones,* 459 U.S. at 216. But in those rare cases where a failure to exhaust is clear from the face of the complaint, a defendant may successfully move to dismiss under Rule 12(b)(6) for failure to state a claim. *See id.* at 215–16. This is one of those rare occasions where the failure to exhaust is clear on the face of the complaint. *Albino v. Baca*, 747 F.3d 1162, 1169 (9th Cir. 2014) (*en banc*). Under the PLRA, Plaintiff may not proceed with this action.

//

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE -- 4

Therefore, **IT IS ORDERED:**

1. Plaintiff's application to proceed *in forma pauperis* is **DENIED.**

2. This action is **DISMISSED** for failure to pay the filing fee as required by 28 U.S.C. § 1914.

The Clerk of Court is directed to enter this Order, enter judgment, forward a copy to Plaintiff at his last known address, and **CLOSE** the file. The Court certifies any appeal of this dismissal would not be taken in good faith.

**DATED** September 24, 2025.



THOMAS O. RICE
United States District Judge

ORDER DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING ACTION FOR FAILURE TO PAY FILING FEE -- 5